UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT E. PATRICK** | : | **DOCKET NO. 06-2102** |
| **VS.** | : | **JUDGE MINALDI** |
| **BERNARD H. MCLAUGHLIN, JR., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand [doc. # 11].[1]

Background

On October 6, 2006, Robert E. Patrick filed the above-captioned Petition for Damages for Aggravated Assault against Bernard H. McLaughlin, Jr., an Unknown Insurance Company, and Unknown Defendants in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. The petition alleges *inter alia* that on, or about November 18, 2005, Bernard H. McLaughlin, Jr. pointed an automatic pistol at Robert Patrick while cursing and threatening to kill him. (Petition, ¶¶ 4, 8). Plaintiff seeks monetary damages from McLaughlin and the unknown defendants for the substantial emotional, financial, and psychological injuries he, his family, and businesses suffered as a result of the aggravated assault. *Id.* at ¶ 11, Prayer.

On November 8, 2006, McLaughlin removed the case to federal court on the basis of alleged civil rights violations and federal question jurisdiction, 28 U.S.C. §§ 1331 & 1343. (Notice of Removal, ¶ 2). On November 22, 2006, plaintiff filed the instant motion to remand.

---

[1] This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

He contends that federal subject matter jurisdiction is lacking because his petition sets forth an intentional tort claim arising solely under state law.  (*See also*, Pl. Memo., pgs. 5-6; doc. # 18).[2]  The matter is now before the court.

## Discussion

The federal question statute states that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[3]  "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998).  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

An "independent corollary" to the well-pleaded complaint rule is the "artful pleading" doctrine.  *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)(*citing Rivet, supra*). This principle provides that a "plaintiff may not defeat removal by omitting to plead necessary

---

[2] In his supplemental memorandum, plaintiff argues that removal was untimely because he was not served with the notice of removal within 30 days after service of process upon the defendant. 28 U.S.C. § 1446(b). However, § 1446(b) requires that the notice of removal be *filed* within 30 days of service. *Id*. Plaintiff acknowledges that McLaughlin was served on October 11, 2006. (Pl. Memo., pg. 6). Thus, the November 8, 2006, removal was timely.

In his motion to remand, plaintiff also protests McLaughlin's alleged failure to serve him with a copy of the notice of removal. However, this issue was raised and addressed via a separate motion and order. (*See*, doc. #s 10 & 20).

[3] Section 1331 is broader than §1343. Thus, our analysis of the former subsumes the latter.

federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id.* Here, however, there are no allegations that federal law completely preempts plaintiff's claim.

Instead, removing defendant argues that plaintiff's claim arises under federal law because the petition contains an allegation that McLaughlin "claimed to be acting as an agent for the Lake Charles Police Department, Louisiana State Bar Association, and the Calcasieu District Attorney's Office." (Petition, ¶ 9). Importantly however, the petition does not allege that McLaughlin was acting under color of state law; it simply recites what McLaughlin purportedly stated. *Id.*[4]

McLaughlin further references allegations in the petition that he was a racist who committed acts of terrorism, threats, and intimidation against Patrick. (*See e.g.*, Petition, ¶ 14). However, these allegations do not state an action arising under federal law. Terrorism can simply refer to a policy of intimidation. *See, Oxford English Dictionary*, 2nd Ed. 1989.

We emphasize that the plaintiff is the master of his claim, and he may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). In his memorandum, removing defendant cites another case filed against him by plaintiff as evidence that the instant case arises under federal law, *Patrick v. State of Louisiana, et al.*, Civil Action Number 05-1576 (W.D. La.). (Def. Reply Memo., pg. 2). However, *Patrick v. State of Louisiana, et al.* was originally filed in federal court and expressly invoked jurisdiction under the U.S. Constitution and 42 U.S.C. § 1983. *See*, Def. Exh. A. Obviously then, plaintiff was quite capable of alleging a cause of action under federal law when

---

[4] *See*, 42 U.S.C. § 1983.

he so intended. The fact that he omitted references to the U.S. Constitution, 42 U.S.C. § 1983, and the Civil Rights Act in this suit is a strong indication that he intended to proceed under state law. Indeed, the instant suit is entitled "Petition for Damages for Aggravated Assault," which is actionable as an intentional tort under state law.

Nevertheless, the petition remains devoid of any citation to state (or federal) law. Accordingly, the petition is ambiguous. *Lorenz v. Texas Workforce Com'n.*, 2006 WL 3102581 (5th Cir. 10/30/06)(unpubl.). This ambiguity must be construed against removal. *Id.* (citing, *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).[5] When we do so here, the petition contains no allegations which support the exercise of federal question jurisdiction. *Lorenz, supra*.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)(citations omitted). We must presume that a suit lies outside of our limited jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id.* In this case, removing defendant has not met his burden. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 11] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[5] The removal statute is strictly interpreted in favor of remand, and thus any ambiguities are construed against removal. *Manguno, supra*.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE